**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0010-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANTE WILSON, a/k/a
TE-MOB, DONTA LAMONT
WILSON, DONTA LOMONT
WILSON, and DANTE
LAMONT WILSON,

    Defendant-Appellant.

_____

Submitted March 19, 2026 – Decided May 4, 2026

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 04-12-1517.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dante Wilson appeals from a June 11, 2024 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2002, William Troy Mayes and Cage Suttle began transporting heroin from New Jersey to Pittsburgh, Pennsylvania, where they became familiar with members of a gang that sold heroin. In early 2004, Mayes sent Suttle to Pittsburgh with a package of heroin, which Mayes later determined was "bad," so he instructed Suttle to return with it. Suttle later suggested he and Mayes rob the Pittsburgh gang members instead of selling them the heroin, but Mayes declined.

On April 7, 2004, Mayes was in front of his aunt's residence in New Jersey meeting with his heroin supplier when an SUV pulled up. Eurie Nunley was driving the SUV, Suttle was in the front passenger seat, and defendant was in the back seat. Mayes recognized Nunley and defendant as being associated with the Pittsburgh gang.

A-0010-24

Mayes, Nunley, and Suttle went into the residence to check out Mayes's new supply of heroin. Shortly thereafter, Suttle exited the home. Mayes and Nunley then heard three or four gunshots and went outside.

The SUV's front passenger door and glove compartment were open, and money was scattered in and around the vehicle. Mayes then saw defendant running towards him with a gun pointed at him. Nunley yelled "nah, nah" to defendant and then got back into the driver's seat of the SUV. Defendant got into the passenger's seat and they drove away. Suttle's body was later found nearby.

A neighbor across the street witnessed the shooting from his apartment and provided police a description of the shooter and victim. He identified the shooter as the individual who got into the passenger's side of the vehicle after the shooting.

Mayes was arrested and provided a statement identifying Nunley as the driver and defendant as the shooter. He later selected defendant from a photo array, expressing no doubt as to his identification.

A Union County grand jury indicted Nunley and defendant for: first-degree murder, N.J.S.A. 2C:11-3(a)(l) and/or (2) (count one); second-degree conspiracy to possess a controlled dangerous substance (CDS) with intent to

A-0010-24

distribute, N.J.S.A. 2C:5-2, :35-5(a)(l) (count two); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); and second-degree possession of a weapon while committing a CDS offense, N.J.S.A. 2C:39-4.l(a) (count five).

Following a jury trial with Mayes as the State's key identification witness, defendant was convicted of the lesser-included offense of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), on count one, and the remaining four counts. He was sentenced to an aggregate term of forty-three years in prison with a thirty-year parole ineligibility term. Nunley was tried after defendant and found not guilty of the murder.

We affirmed defendant's conviction, State v. Wilson, No. A-3732-10 (App. Div. Aug. 12, 2015) (slip op. at 37). The Supreme Court denied his petition for certification. State v. Wilson, 224 N.J. 244 (2016).

Defendant filed a timely petition for PCR, in which he alleged ineffective assistance of trial counsel. Pertinent to this appeal, defendant claimed trial counsel knew Nunley would exculpate him if defendant's trial was after Nunley's trial, but counsel failed to request defendant be tried after Nunley. Defendant

also claimed trial counsel failed to explore and seek a jury instruction on third-party guilt, based on Nunley's purported exculpatory testimony.

In support of his claims, defendant provided a certification dated January 25, 2016 wherein Nunley averred he shot Suttle. Nunley stated he told his trial counsel that another individual, not defendant, was present at the time of the shooting; and he told defendant's trial counsel he would testify at defendant's trial on his behalf. Defendant also submitted a certification from Tiffani Walker, the mother of Nunley's child. Walker stated she would have testified: Nunley borrowed her phone when he went to New Jersey the night of the murder; had blood stains on his pants when he returned; and admitted to her he killed Suttle. She also certified another individual, not defendant, traveled to New Jersey that day.

The first PCR judge ordered an evidentiary hearing to resolve the factual issues regarding trial counsel's notice of Nunley's willingness to provide exculpatory evidence, investigation of Walker as a witness, and investigation of other alibi witnesses. Neither Nunley nor Walker appeared at the hearing. While trial counsel was on the witness stand, the court attempted to ask him about Nunley and Walker, to which PCR counsel objected. At sidebar, counsel explained:

A-0010-24

[PCR COUNSEL]:      Respectfully, I think that your line of questioning is wholly inappropriate at this juncture. I don't mean to be disrespectful. But [trial counsel] is testifying about . . . eyewitnesses. . . . Nunley has not taken the stand. . . . Walker has not taken the stand. I fail to see why the court's going down this road.

THE COURT:      Well, in the PCR, your client was critical of his representation because . . . Nunley wasn't allowed to have his trial go first and/or potentially said he was going to exculpate your client. So are you withdrawing that portion of the PCR?

[PCR COUNSEL]:      Well, I guess I have to since . . . Nunley didn't show up. And I can't pursue it without . . . Nunley being here. I have no ability to pursue it without having someone to authenticate those certifications.

          . . . .

THE COURT:      [Are you] telling me that . . . defendant is no longer pursuing any PCR claim with regard to . . . Nunley, then there's no reason to inquire. Is that what you're telling me?

[PCR COUNSEL]:      . . . I will confirm that with my client because I don't want to be up here and make decisions without him. But . . . I don't think that I am able to without . . . having those witnesses here.

THE COURT:      . . . [D]iscuss it with your client and then tell me what you would like to do.

After a brief recess, PCR counsel confirmed she spoke with defendant, and he did "not want to pursue any of the defenses and PCR issues with respect to

6

A-0010-24

Nunley and/or Walker . . . given the issues . . . with regard to the subpoenas and getting them here and the choice to not put them on the stand."

After considering testimony from defendant, trial counsel, and defendant's purported alibi witnesses, the judge denied the petition in an October 12, 2018 order, explaining his credibility determinations, factual findings, and legal conclusions in an accompanying written opinion. We affirmed the order, State v. Wilson, No. A-2358-18 (App. Div. May 21, 2021) (slip op. at 22), and the Supreme Court denied defendant's petition for certification, State v. Wilson, 251 N.J. 195 (2022).

On June 26, 2023, defendant filed a second petition for PCR, alleging ineffective assistance of PCR counsel. He claimed his first PCR counsel failed to properly explore a third-party guilt defense by waiving the issue when Nunley and Walker did not appear at the PCR hearing, which he alleged was due to prosecutorial misconduct. He also maintained the second petition was not procedurally barred and requested an evidentiary hearing.

In support of his claims, defendant provided certifications from Nunley and Walker, both dated in June 2023. They certified that shortly after they received subpoenas for the 2018 evidentiary hearing, Nunley's trial counsel advised them he had been contacted by the Union County Prosecutor's Office

7

regarding their certifications. Nunley said counsel "warned and informed" him that, despite the protections of the double jeopardy clause, the prosecutor's office was "prepared to bring down the full weight of its office" on him. Walker stated counsel informed her she was subject to criminal prosecution if she testified her phone was used in the commission of a crime or that she washed the blood out of Nunley's pants. As a result of their communication with counsel, Nunley discontinued all communication with PCR counsel, and Walker advised PCR counsel she would not testify but did not explain why.

The second PCR judge denied the petition, finding it was procedurally barred as untimely because it was filed over a year after the denial of the first petition and the factual predicate could have been discovered through the exercise of reasonable diligence. The judge further determined the claim of ineffective assistance of PCR counsel was barred because defendant waived his right to pursue any issues regarding third-party guilt with respect to Nunley and Walker during the first PCR hearing.

On appeal, defendant raises the following issues:

POINT I.

DEFENDANT'S PETITION FOR [PCR] WAS NOT PROCEDURALLY BARRED.

A-0010-24

POINT II.

THE PCR COURT ERRED BY DENYING DEFENDANT AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL.

II.

Because the petition was denied without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review the decision to deny the petition without an evidentiary hearing for an abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless it was not "'within the range of competence demanded of attorneys in criminal cases'" and instead, "fell

9

below an objective standard of reasonableness." Id. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

Pursuant to Rule 3:22-4(b), a second or subsequent petition for PCR is barred unless:

> (1)   it is timely under R[ule] 3:22-12(a)(2); and

A-0010-24

(2)    it alleges on its face either:

    (A)   that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

    (B)   that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

    (C)   that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Rule 3:22-12(a)(2) provides:

[N]o second or subsequent petition shall be filed more than one year after the latest of:

    (A)   the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

    (B)   the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

11

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The strict time bar imposed in these court rules may not be ignored or relaxed. State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018).

There is no question defendant's second petition was time-barred. His first petition was denied on October 12, 2018, and he filed his second petition four and a half years later, on June 26, 2023. Given the one-year time constraint imposed on subsequent PCR petitions, the second petition is out of time.

As the judge found, the second petition was based on factual predicates that could have been discovered earlier through reasonable diligence under Rule 3:22-4(b)(2)(B) and Rule 3:22-12(a)(2)(B). Nunley and Walker provided allegedly exculpatory certifications in 2016, and defendant was aware they did not appear for the first PCR hearing in 2018. The judge noted:

> Defendant made admissions . . . during oral argument that he waited three years after his evidentiary hearing to have an investigator pursue Nunley and Walker for an explanation as to why they did not appear. Through the exercise of due diligence, an investigator could have been sent out within a year of [d]efendant's evidentiary hearing and the factual predicate discovered sooner.

Because this finding was grounded in the record, we are unpersuaded by defendant's claims it took him over four years to track down these witnesses.

And even if defendant's claim against PCR counsel under Rule 3:22-4(b)(2)(C) had been timely, he nevertheless failed to establish grounds for PCR. The record reflected PCR counsel raised defendant's claims trial counsel failed to investigate Nunley and Walker as exculpatory witnesses, obtained certifications from them, and was granted an evidentiary hearing. Although they did not appear at the hearing, this avenue of relief could have been pursued through trial counsel's testimony. However, when the court began questioning trial counsel, PCR counsel objected, consulted with defendant, and confirmed defendant made a strategic, informed decision not to continue with this issue. Given the deference due to counsel's judgment, defendant failed to establish his PCR representation fell below the constitutional standard.

Defendant contests the PCR judge's determination his petition was also barred by Rule 3:22-5, which precludes PCR claims that have already been adjudicated on the merits. While defendant's ineffective assistance claims regarding trial counsel's investigation of Nunley and Walker were not adjudicated on the merits during the first PCR hearing, "[d]efendant intentionally waived the issue at the evidentia[r]y hearing, thereby relinquishing

13

that ground for relief."  Thus, even if his claim was not procedurally barred under Rule 3:22-5, it nevertheless failed on the merits because, as the judge noted, PCR counsel raised the issue, obtained the certifications, and was granted an evidentiary hearing on defendant's behalf.  Defendant's abandonment of the issue does not transform counsel's representation to ineffective assistance.

In sum, because defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or an evidentiary hearing was necessary, the denial of his request for a hearing was not an abuse of discretion.  R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-0010-24